UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

RICARDO JONATHAN GRUB MORRISON,

Plaintiff,

v.

CHABAD OF SAN DIEGO STATE UNIVERSITY AND OXNARD,

Defendants.

Case No.: 3:25-cv-03569-CAB-AHG

**ORDER DENYING APPLICATION TO PROCEED IFP**

[Doc. No. 1]

Ricardo Jonathan Grub Morrison ("Plaintiff" or "Morrison") has filed a civil complaint against Chabad of San Diego State University and Oxnard, [Doc. No. 1 ("Complaint.")], along with a motion to proceed in forma pauperis ("IFP"). [Doc. No. 3.] For the reasons discussed below, the Court **DENIES** Plaintiff's motion to proceed IFP.

///

///

///

///

///

///

///

///

## I.    ANALYSIS

### A.    MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $405.[1]  *See* 28 U.S.C. § 1914(a).  A party may initiate a civil action without prepaying the required filing fee if the Court grants leave to proceed IFP based on indigency.  28 U.S.C. § 1915(a); *Andrews v. Cervantes*, 493 F.3d 1047, 1050 (9th Cir. 2007).  To satisfy the requirements of § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of [her] poverty pay or give security for the costs . . . and still be able to provide [for herself] and dependents with the necessities of life."  *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted); *see also Escobedo v. Applebees*, 787 F.3d 1226, 1229 (9th Cir. 2015).

Here, Plaintiff submitted incomplete and inconsistent financial statements.  [Doc. Nos. 1, 3.]  For example, in one document, Plaintiff lists a monthly income of $0 and monthly expenses of $0, despite also listing employment starting October 20, 2025 at a rate of $17.25 / hour.  [Doc. No. 3 at 2.]  And in another document, he lists receiving approximately "$1,800±" in the past twelve months from wages, salary, commissions or earned income of any kind, as well as $432.10 in monthly living expenses.  [Complaint at 11, 13.]

The Court cannot properly assess Plaintiff's IFP application without complete and noncontradictory documentation as to Plaintiff's eligibility to proceed IFP.  The Court therefore **DENIES** Plaintiff's IFP application.  If Plaintiff wishes to pursue his Complaint, he must pay the filing fee or submit a complete IFP application.

///

---

[1]  Civil litigants must pay an administrative fee of $55 in addition to the $350 filing fee.  *See* 28 U.S.C. § 1914(a); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). The additional $55 administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

**B.    SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

If Plaintiff submits a completed IFP and the Court grants it, the Court must then screen the complaint and *sua sponte* dismiss it to the extent that it fails to state a claim or seeks damages from defendants who are immune.  28 U.S.C. § 1915(e)(2)(B); *see Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc).  Section 1915(e)(2)(B) is not limited to prisoners; instead, it applies to all cases in which the plaintiff proceeds IFP.  *See Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001).

Given Plaintiff's position as a pro se litigant, the Court notes that the current Complaint has several defects that would likely lead to *sua sponte* dismissal in its current form.  First, the Complaint appears related to a restraining order against Plaintiff but is otherwise nearly impossible to decipher.  Plaintiff must clearly identify the law or right he thinks was violated, explain what each defendant did, when and where they did it, and how each defendant's acts or omissions caused him harm.  Second, the Complaint does not indicate whether or how federal jurisdiction is appropriate.  Third, the local rules require that all filed documents are in English, CivLR 5.1, and the Complaint contains many pages in Spanish.

## II.    CONCLUSION

The Court **DENIES** Plaintiff's application to proceed IFP and <u>directs the Clerk of Court to close the case.</u>  To re-open the case, Plaintiff must either (1) pay the required filing fee or (2) submit a fully completed IFP application that is granted by the Court.

<u>The Court further directs the Clerk of Court to mail the Plaintiff a copy of this Order, a blank copy of this District's Application to Proceed IFP, and a blank copy of this District's Pro Se Non-Prisoner Form Complaint for a Civil Case.</u>

**IT IS SO ORDERED**.

Dated:  February 4, 2026

_____
Hon. Cathy Ann Bencivengo
United States District Judge

3:25-cv-03569-CAB-AHG